# 590-15

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
OF AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

SAMUEL ARRENADO FERRALEZ
APPELLANT

V.

THE STATE OF TEXAS
APPELLEE

NO. 13-12-00651

ON PETITION FOR DISCRETIONARY REVIEW FROM THE DECISION OF THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS,
AT
In Cause no: 13-12-00651

AFFIRMING APPELLANT'S CONVICTION AND SENTENCE
In Cause No: 1246930 D

Hon. MOLLEE WEST, PRESIDING
FROM THE 371st DISTRICT COURT
of TARRANT COUNTY

FILED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

APPELLANT, SAMUEL A. Ferralez, PRO-SE

# Index of Authorities

ConsTiTuTions                                    PAGeS

U.S. consT. Amend. 6

Tex. ConsT. ART. I § 10


CASES

MaTTox v. United States
 156  U.S. 237 (1895)


Crawford v. Washington
  541 U.S. 36 (2004)


Russeau v. STate
 171 S.w.3.d. 871 (Tex. crim. APP. 2005)


Wall v. State
 184 S.w.3d. 730 (Tex. Crim. APP. 2006)


Frazier v. CUPP
 394 U.S. 731 (1969)


OurSbourn v. State
 259  sw.3d. 159, 182 (Tex. Crim. APP. 2008)


BrYanT v. STate
 282 S.w.3d. 156, 164-65 (Tex. APP. Texarkana, 2009, peT. ref'd)


De LA Paz v. State
 273  S.w.3d. 671 (Tex. crim. APP. 2008)

loPez v. State
 200  sw3d, 246, 254-55 (Tex-Houston [14th Dist] 2006)

# Table of Contents

Index of Authorities                    Page

The case in Brief

Issues Presented

Summary of The Argument

Statement of facts

Argument And Authorities

Conclusion And Prayer

certificate of Service

Certificate of complience

The case in Brief.

In the court of Appeals for The
Second court of Appeals District of
Texas.

SAmuel Arrenado
Ferralez                          NO. 13-12-00651-CR

V.

The State of Texas,
Appellee

    Appelled from Cause # 1246930D in the
371st District court of Tarrant county, Texas; The
Honorable Mollee Westfall, Judge Presiding.
    To the honorable court of Appeals.

                The case in Brief

The Charge                          murder
                                     CR 75

The Plea                          NOT GUILTY
                                     CR 75

The verdict                        GuilTY
                                     CR 75

The Punishment                     99 years
                            Texas Department of
                            Corrections
                                     CR 75

## Issue Presented

1. The admission and Publication of the interrogation video that included the Detective asking questions that made assertions and third party statements violated the U.S. Const. Amend. 6 as well as Tex. const. ART. 1 § 10.

## Summary of The Argument

Police have a plethora of Interrogation Techniques with which they can acquire Information and secure confessions from the suspect of an investigation. To This end, the officers may reval information to the person they are interrogating and this information may be real or manufactured for the purpose of making the person respond in an incriminating manner.

While useful for obtaining information, this practice crosses a line when the questions themselves are presented to the Jury. At this point protections intended by the Hearsay Rule and the confrontation clause are essential as there is simply too high of Risk that the Jury will hear the questions and assume the facts alluded to are true.

Here, the jury watched the video and saw the questions as they were delivered to the Appellant. The Jury was not made Privy to the interrogation tactics that were being employed which resulted in their being mislead by the evidence they were presented with.

If such methods are allowed to be employed and then presented to juries without explanation, it would open the door to officers inserting helpful manufactured testimony into ther interrogations. By planting those seeds within the evidence, Such interrogations could be used to advance the State's case Theory without actual fact or witnesses to Back it up.

# Statement of facts

The Appellant was under investigation for the murder of his girlfriend. 4RR 97 On May 31, 2011, Police conducted an interview of the Appellant where they posed serval questions assuming they had evidence that they may or may not had. 4RR 98. In Particular. They confronted the Appellant with alleged statements by third parties in order to Solicit his responses and explanations of such hypothetical evidence. 4RR 99-100. For example: the Appellant was asked why the Victim would have told her mother that the Appellant had a Gun. 12 RR at 42:20; 4RR 98. The Appellant was then asked why his Son would say the Appellant was throwing things over the fence before Police arrived. 12 RR at 45:16; 4RR 100. These Sorts of accusatory questions are posed again throughout the interview. 12 RR 46:20; 12 RR 56:24. 12 RR 1:02:60, 12 RR 1:04:00; 12 RR 1:14:00; 12 RR 1:19:00, 12 RR 1:43:00, 13 RR 1:48:00, 12 RR 2:39:00.

The videos of these interviews, complete with the loaded questions were admitted into evidence and Published to the Jury over the Appellant's objection. 4RR 97-108, 8RR 6; 7 RR 170. The jury heard the videos without any explanation as to interrogation methods or being warned of the fact that certain facts alluded to in the questions may or may not be true of factual. 7 RR 169-70. The Jury found Appellant Guilty of murder and Sentenced to 99 years imprisonment. CR 68; CR 75.

## Argument and Authorities

I. The admission and Publication of the interrogation video that included the Detective asking questions that made assertions and third party Statements violated The Confrontation clause under The U.S. Const. Ammend. 6., Tex. Const. ART. 1 § 10. Included Hearsay, Double hearsay and The video was testimonial and was a Backdoor way of including hearsay at trial. The 13th Court of appeals erred in the dission to Affirm case.

The admission of the questions posed to the Appellant during his interrogation also constituded a violation of the Appellant's right to confront witnesses under the Constitutions of the United States and of Texas U.S. Const. Amend 6; Tex. const. ART. I § 10.

The Sixth Amendment guarantees the right of the accused to confront the witnesses against him. U.S. const. Amend. 6. The Confrontation clauses (sic) applies in the courts of this state. Pointer v. Texas. 380 U.S. 400, 403 (1965); De La Paz v. State, 273 S.w. 3d, 671, 680 (Tex. Crim. APP. 2008)

It has long Been settled that "object of the [Confrontation clause] was to prevent depositions or ex parte affidavits... being used against the ~~prisoner~~ Prisoner in lieu of a personal examination and cross-examination of the witness". Mattox v. U.S. 156 U.S. 237, 242-43 (1895). Ideed where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation. Crawford v. washington, 541 U.S. 36, 36-37 (2004); Russeau v. State 171/scw 3d. 871 (Tex. Crim. APP. 2005. The supreme court has held that the admission of a hearsay statement violates the 6th Amend if the statement is testimonial, and the defendant has not had prior opportunity for cross-examination. lopez v. State 200 Sw 3d 246, 254-55 (Tex. APP.-Houston [14th Dist] 2006) (Mothers testimony that her Parents told her that officers told them that defendant was a suspect in her child's murder was double hearsay, neither level of which was admissible under hearsay rules). Bryant v. State, 282 Sw 3d 156, 164-65 (Tex. APP. -Texarkana 2008 Pet. ref'd) (Sheriff's testimony about statements made by defendant's girlfriend was double hearsay and improperly admitted. ~~The supreme court the~~ Crawford, 541 U.S. at 68. Statements made to police during questioning fall squarely within the realm of testimonial statements under Crawford. Id. at 52-53; wall v. State, 184 Sw 3d 730, 732 (Tex. crim APP. 2006)

Here, thrid party statements were advanced to see how the Appellant responds during questioning. Because these statements would have been the fruits of actual or hypothetiad (sic) Police questioning of others witnesses,

The questions themselves, when asked before the Jury on the video tape, would fall squarely within the sort of testimonial statements invoking the confrontation clause under Crawford. 541 U.S. at 52-53.

In Wall v. State, an officer testified at trial to the statements made by a victim during a hospital interview. 184 SW3d at 732. The court of criminal Appeals held that police testimony as to words of one of the victims statements given during an interview was indeed a violation of that defendants rights under the Confrontation clause. Id. at 737. Here by posing the questions at the interrogation which were heard by the Jury, the police are substantively testifying to the words of a third party. Confrontation is even more essential considering that the police can expose a suspect to other statements both real and imagined in the course of interrogation. Such practice does not have to be in good faith as both the U.S. Supreme court, and the court of criminal Appeals have held that the police may use "Trickery and deception" during an interrogation. While in this case trickery may or may not have been applied, 4RR 99-100, a rule allowing the questions posed would open the door to allowing the State to place all sorts of helpful testimony within an interrogation. While the words are used during interrogation solicit a reaction, the Defendant's reaction would be rendered irrelevant when the Jury hears the police essentially testify through the video.

## Conclusion and Prayer

By Presenting the interrogation video that made assertions through the questions, there was an extremely high risk of misleading the Jury. Because of this risk, the evidence should have either been excluded or put into proper context for the Jury. Therefore the Appellant prays that a new trial be ordered in this cause.

Respectfully Submitted,

Samuel Arrenado Ferrales #1809763

# FERRALEZ V. STATE

TEX. APP.

COURT OF APPEALS THIRTEENTH DISTRICT OF TEXAS CORPUS CHRISTI - EDINBURG

NUMBER 13-12-00651-CR

02-13-2013

SAMUEL ARRENADO FERRALEZ A/K/A SAMUEL ARREN FERRALEZ, APPELLANT, V.

THE STATE OF TEXAS, APPELLEE.

---

GREGORY T. PERKES

## On appeal from the 371st District Court

## of Tarrant County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Garza and Perkes

## Memorandum Opinion by Justice Perkes

Appellant Samuel Arrenado Ferralez, a/k/a Samuel Arren Ferralez, appeals his conviction for murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(b) (1) (West 2011). A jury found appellant guilty and assessed punishment at ninety-nine years' confinement in the Texas Department of Criminal Justice, Institutional Division.[1] By one issue, appellant argues the admission and publication of a video recording of homicide detectives interviewing him violated his federal and state constitutional rights to confront witnesses because the detectives referenced third-party statements during the interview. We affirm.

## A. Applicable Law

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him [.]" U.S. CONST. amend. VI. This protection prohibits the admission of testimonial statements unless the declarant is unavailable to testify and the accused had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004); *Langham v. State*, 305 S.W.3d 568, 575-76 (Tex. Crim. App. 2010). The court of criminal appeals has explained:

[T]he Supreme Court has observed that an out-of-court statement, even one that falls within its definition of "testimonial" statements, is not objectionable under the Confrontation Clause to the extent it is offered for some evidentiary purpose other than the truth of the matter asserted. When the relevance of the out-of-court statement derives solely from the fact that it was made, and not from the content of the assertion it contains, there is no constitutional imperative that the accused be permitted to confront the declarant. In this context, the one who bears "witness against" the accused is not the out-of-court declarant but the one who testifies the statement was made, and it satisfies the Confrontation Clause that the accused is able to confront and cross-examine him.

*Langham*, 305 S.W.3d at 576-77 (citing *Crawford*, 541 U.S. at 59; *Tennessee v. Street*, 471 U.S. 409, 414 (1985)).

## B. Discussion

During the video-recorded interview, the detectives used third-party statements to challenge appellant's version of the events. For example, early in the interview, appellant informed the detectives that his relationship with Stephenie had been "so, so, so wonderful. So wonderful." On a scale of one to ten, the relationship was "Ten Plus Plus Plus Plus Plus." Appellant also claimed he did not own a gun. The detectives challenged appellant's assertions, asking him why Stephenie's mother, brother, and friend said the relationship was not good, why Stephenie's mother said he had a gun, and why his oldest son told police officers that he saw appellant throwing things over the backyard fence.[6] In this regard, one of the interviewing detectives, Detective Jeremy Todd Rhoden, testified at appellant's trial and was subject to cross-examination.

6.
At trial, appellant testified to a new version of events, and admitted possessing a gun and trying to hide it by throwing the gun and ammunition over the backyard fence.

The third-party statements that the detectives used to question appellant in his interview were not admitted at trial to establish the truth of the matters asserted. Their relevance did not turn on their accuracy but on the fact that they were used to evoke certain responses from appellant that led the detectives to believe he was being dishonest. In fact, in the State's opening argument, the State informed the jury that the importance of the interview was that it showed appellant's evolving alibi and dishonesty.

The relevance of the out-of-court statements derived solely from appellant's responses to them and not from their content. *See Langham*, 305 S.W.3d at 577; *see also Humphrey v. State*, No. 01-08-00820-CR, 2012 WL 4739925, at *2, 4 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op., not designated for publication) (holding admission of video containing police interrogation of the appellant, which included the officers challenging the appellant's version of events with third-party statements, did not violate the appellant's Confrontation Clause rights because the statements were not offered to prove the truth of the matter asserted). Because Detective Rhoden was subject to cross-examination at trial, appellant was not deprived of his Sixth Amendment right to confrontation. *See Langham*, 305 S.W.3d at 577; *see also Humphrey*, 2012 WL 4739925, at *4. We overrule appellant's issue.

## I. BACKGROUND

Stephenie Caddy-Aqqad was killed in her garage. She was shot once in the back. Appellant, Stephenie's boyfriend, was at the scene and called 911. When police officers arrived, appellant told them that a young African-American man had come to the house, shot Stephenie, and then fled. Investigating officers found a spent .38 caliber cartridge casing in the backyard of the house and a .38 revolver in the field behind the backyard fence.[2]

2.
Investigators also found several "live" .38 cartridges, the sleeve from a box of .38 ammunition in the neighbor's back yard, and the plastic insert from a box of .38 ammunition in the field behind the house.

From the .38 pistol's serial number, investigators learned that the firearm had been purchased by Stephenie's sister. She testified at trial that she gave it to Stephenie.[3] A firearms and tool marks examiner analyzed the pistol and testified that the .38 revolver fired the bullet from the recovered cartridge casing. DNA testing on the pistol's handle revealed that appellant could not be excluded as a contributor to one of the DNA profiles found on the handle. Officers tested appellant's hands for gunshot residue, and there were two particles "characteristic" of gunshot residue and several "particles commonly associated with" gunshot residue on his hands.[4] According to the forensic pathologist who investigated the body, Stephenie's wound was consistent with an injury caused by a .38 bullet. He testified that Stephenie's death was homicide.

3.
Stephenie's ex-husband confirmed that Stephenie had the gun when they were married. He surmised she took it after their divorce because it was not left at his house.

4.
The trace evidence examiner explained that "characteristic" particles contain all "three component particles" of gunshot residue and "particles commonly associated with" gunshot residue only contain one or two component elements.

## II. RIGHT TO CONFRONTATION

By his sole issue, appellant contends the trial court's admission and publication of a video recording of his interview with homicide detectives violated his confrontation rights under the Sixth Amendment to the United States Constitution and Article 1 Section 10 of the Texas Constitution because the detectives referenced third-party statements.[5] We review de novo the trial court's ruling regarding the admission and publication of the recorded interview. *Cook v. State*, 199 S.W.3d 495, 497 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Lilly v. Virginia*, 527 U.S. 116, 137 (1999)); *Marc v. State*, 166 S.W.3d 767, 778 (Tex. App.—Fort Worth 2005, pet. ref'd).

5.
Because appellant has neither argued nor cited any authority that establishes that Article 1, Section 10 of the Texas Constitution secures him rights in addition to those in the Sixth Amendment to the United States Constitution, we address his arguments in the context of the Sixth Amendment. *See Long v. State*, 742 S.W.2d 302, 313 (Tex. Crim. App. 1987) (en banc) ("[T]he interpretation given to Art. 1, § 10 of the Texas Constitution closely parallels the evolution of the Sixth Amendment as interpreted by the United States Supreme Court. The reason that the guarantees are so identifiable goes beyond the similar language, that is, the source of the right of confrontation is the same: English common law."), *overruled on other grounds by Briggs v. State*, 789 S.W.2d 918 (Tex. Crim. App. 1990) (en banc); *see also* TEX. R. APP. P. 38.1(i); *Arnold v. State*, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993) ("Appellant fails to analyze, argue or provide authority to establish that his protection under the Texas Constitution exceeds or differs from that provided to him by the Federal Constitution. We therefore do not address appellant's state constitutional argument."); *Thomas v. State*, No. 14-12-00576-CR, 2013 WL 5883791, at *1 n.4 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.) (mem. op., not designated for publication) (same).

## III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES

Justice



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0590-15

### SAMUEL ARRENADO FERRALEZ, a/k/a SAMUEL ARREN FERRALEZ, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS TARRANT COUNTY

**PER CURIAM. KEASLER and HERVEY, JJ., dissent.**

## ORDER

The petition for discretionary review violates Rule of Appellate Procedure 68.4(j), because it does not contain a copy of the opinion of the court of appeals.

The petition is struck. See Rule of Appellate Procedure 68.6.

The petitioner may redraw the petition. The redrawn petition and copies must be filed in the Court of Criminal Appeals within thirty days after the date of this order.

Filed: October 14, 2015
Do Not Publish

SAmuel Fernalez 1897963
Allred
2101 Fm 369 N
Iowa Park Tx 76367

X Legal

Court of Criminal Appeals
PO Box 12308, Capitol Station
Austin Texas 78711

NORTH TEXAS
DALLAS
18 NOV 2

78711230808

